**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JORDAN WILSON, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| U.S. WELL SERVICES, INC., JOEL | ) | **FEDERAL SECURITIES LAWS** |
| BROUSSARD, DAVID L. TREADWELL, | ) | |
| RICHARD BURNETT, RYAN CARROLL, | ) | **JURY TRIAL DEMANDED** |
| STEVE S. HABACHY, ADAM KLEIN, | ) | |
| DAVID J. MATLIN, KYLE O'NEILL, and | ) | |
| EDDIE WATSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Jordan Wilson ("Plaintiff"), upon information and belief, including an

examination and inquiry conducted by and through his counsel, except as to those allegations

pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his

Complaint:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action against U.S. Well Services, Inc. ("USWS" or the

"Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities

Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities

and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in

connection with the proposed acquisition of the Company by ProFrac Holding Corp.

("ProFrac").[1]

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed
Transaction."

2.      On June 21, 2022, the Company entered into an Agreement and Plan of Merger with ProFrac and Thunderclap Merger Sub I, Inc. ("Merger Sub") (the "Merger Agreement"). The Merger Agreement provides that USWS stockholders will receive 0.3366 shares of ProFrac Class A common stock for each share of Company common stock.

3.      The Company's corporate directors subsequently authorized the September 28, 2022 filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of

---

[2] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for October 31, 2022.

Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder

pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal

question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either

conducts business in or maintains operations within this District, or is an individual with

sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this

Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants

are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of USWS

common stock.

10.     Defendant USWS is a Delaware corporation, with its principal executive offices

located at 1360 Post Oak Boulevard, Suite 1800, Houston, TX 7705.  The Company's stock

trade on the Nasdaq Capital Market under the ticker symbol "USWS."  USWS is a leading

provider of hydraulic fracturing services and a market leader in electric fracture stimulation.

The Company's patented electric frac technology provides one of the first fully electric, mobile

well stimulation systems powered by locally supplied natural gas, including field gas sourced

directly from the wellhead.

11.     Defendant Joel Broussard is and has been Chairman of the Board and a director

of the Company at all times relevant hereto.

12.     Defendant David L. Treadwell is and has been Lead Independent Director and a

director of the Company at all times relevant hereto.

13.     Defendant Richard Burnett is and has been a director of the Company at all times relevant hereto.

14.     Defendant Ryan Carroll is and has been a director of the Company at all times relevant hereto.

15.     Defendant Steve S. Habachy is and has been a director of the Company at all times relevant hereto.

16.     Defendant Adam Klein is and has been a director of the Company at all times relevant hereto.

17.     Defendant David J. Matlin is and has been a director of the Company at all times relevant hereto.

18.     Defendant Kyle O'Neill is and has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

19.     Defendant Eddie Watson is and has been a director of the Company at all times relevant hereto.

20.     Defendant Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

21.     On June 21, 2022, ProFrac and USWS jointly announced in relevant part:

WILLOW PARK, Texas and HOUSTON, June 21, 2022 /PRNewswire/ -- ProFrac Holding Corp. (NASDAQ: PFHC) ("ProFrac" or the "Company") announced today that it has reached an agreement to acquire U.S. Well Services, Inc. (NASDAQ: USWS) ("USWS") in a stock-for-stock transaction with an exchange ratio of 0.0561 shares of ProFrac Class A common stock for each share of USWS Class A common stock. The acquisition is expected to be completed

4

in the fourth quarter of 2022, subject to the satisfaction of customary closing conditions, including the approval of USWS stockholders.

The combination creates a market leader in NextGen frac solutions and a combined company with an expected 44 active fleets by the end of 2022:

- Transaction expected to expand ProFrac's fleet to 44 active fleets by year end, including 12 electric fleets, 13 Tier IV dual fuel fleets, and 3 Tier IV diesel fleets
- Combined company expected to be the largest provider of electric frac services with 12 electric fleets
- Accelerates ProFrac's ESG strategy of reducing fuel costs and minimizing its emissions footprint
- Marries leading edge efficiency and cost structure from ProFrac with the largest electric fleet platform in the industry to deliver exceptional value for the combined company and substantial cost savings to customers
- ProFrac would acquire USWS' industry leading intellectual property portfolio that gave rise to electric frac technology with the market's first e-fleet deployment in 2014, which includes over 110 patents
- USWS Convertible Senior Notes and Series A Redeemable Preferred Shares to be converted into shares of ProFrac Class A common stock at closing
- Combined company expected to maintain a conservative balance sheet; ProFrac expects to separately finance remaining USWS debt at closing
- Expected to result in approximately $35 million of annual cost synergies and eliminate ProFrac's expected license fees to USWS of approximately $22.5 million per year over the next four years
- Expected to be accretive to 2023 Adjusted EBITDA

Matt Wilks, ProFrac's Executive Chairman, commented, "The acquisition of U.S. Well Services solidifies ProFrac's position as an industry leader in electric hydraulic fracturing, which we believe represents the future of the industry. In today's environment, we believe electric frac fleets provide improved efficiency, lower R&M costs, greater value, and a lower overall cost of completion to our customer. It is a true win-win scenario for us, our customers, the environment and the communities in which we operate."

Ladd Wilks, ProFrac's Chief Executive Officer, said, "We are excited to welcome the U.S. Well Services team to the ProFrac family. We recognize the hard work of everyone to get to this point and I am excited to join forces and build upon the foundation this team has established. By leveraging our scale and capabilities along with U.S. Well Services' Clean Fleet® technology, we intend to make ProFrac THE electric fleet provider in the U.S."

Kyle O'Neill, U.S. Well Services' President and CEO, added, "We are thrilled to join forces with ProFrac.  ProFrac is a best-in-class operator, and we believe the combined company will be well positioned to capitalize on the growing opportunity for electric fracturing services.  This combination provides value for U.S.  Well Services shareholders, employees and customers, and we look forward to working with the ProFrac team to realize our shared vision for the business."

**The Materially Incomplete and Misleading Proxy Statement**

22.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 28, 2022.  The Proxy Statement, which recommends that USWS stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for USWS and ProFrac, as well as the financial analyses underlying the fairness opinion provided by Piper Sandler & Co. ("Piper"), the financial advisor to the  special committee of the Board ("Special Committee"); (b) the background of the Proposed Transaction; and (c) potential conflicts of interest faced by Piper and Company insiders.

*Material Misrepresentations and/or Omissions Concerning Certain Financial Forecasts and Piper's Financial Analyses*

23.     The Proxy Statement fails to disclose material information concerning the financial forecasts for USWS and ProFrac, including the Company's unlevered free cash flows for each of the base case and downside case Piper utilized in connection with its *Discounted Cash Flow Analysis* ("DCF").[3]   The Proxy Statement further fails to disclose USWS

---

[3] The Proxy Statement provides the, for purposes of its DCF, Piper used "unlevered, after-tax free cash flows that USWS and ProFrac were projected to generate from July 1, 2022 through December 31, 2026, in each case, based on the USWS management base case and downside case projections for USWS and the USWS management projections for ProFrac."  *See* Proxy Statement at 120-21.

management's projected unlevered free cash flows for ProFrac, as well as how unlevered free cash flows were calculated and the underlying line items.

24.     The Proxy Statement also fails to disclose material information concerning the Financial Advisors' respective financial analyses.

25.     With respect to the *Discounted Cash Flow Analysis* performed by Piper, the Proxy Statement fails to disclose the terminal year projected EBITDA for USWS and ProFrac, as well as the potential value of the Company's NOLs utilized in the analysis.

26.     With respect to the *Select Comparable Company* and *Select Comparable Transaction Analyses* performed by Piper, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the respective selected companies and transactions analyzed by the financial advisor.

27.     With respect to the *Premia Paid Analysis* performed by Piper, the Proxy Statement fails to disclose the specific transactions analyzed and the individual premia for each.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

28.     The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction, including whether the confidentiality agreements the Company entered into with Company A and Company B contain a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding either party from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Piper's and Company Insiders' Potential Conflicts of Interest*

29.     The Proxy Statement fails to disclose material information concerning Piper's potential conflicts of interest, including the details of any services Piper or its affiliates have

7

provided to USWS or its affiliates in the two years prior to the delivery of its fairness opinion, and any compensation Piper or its affiliates have received for such services provided.

30.     The Proxy Statement also fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any members of Company management have secured positions with the combined company.  The Proxy Statement further fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between ProFrac and USWS' executive officers, including who participated in all such communications, when they occurred and their content. Moreover, the Proxy Statement fails to disclose whether any of ProFrac's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

31.     The omission of the above-referenced information renders statements in the "USWS Prospective Financial Information," "Opinion of the Financial Advisors to the USWS Special Committee," "Background of the Merger," and "Interests of USWS Executive Officers and Directors in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

32.     Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and USWS**

33.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  USWS is liable as the issuer of these statements.

35.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange

Act and Rule 14a-9 promulgated thereunder.

40.     Because of the false and misleading statements in the Proxy Statement, Plaintiff

is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

41.     Plaintiff repeats and realleges the preceding allegations as if fully set forth

herein.

42.     The Individual Defendants acted as controlling persons of USWS within the

meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as

officers and/or directors of USWS and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy Statement,

they had the power to influence and control and did influence and control, directly or indirectly,

the decision making of the Company, including the content and dissemination of the various

statements that Plaintiff contends are false and misleading.

43.     Each of the Individual Defendants was provided with or had unlimited access to

copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or

cause them to be corrected.

44.     In particular, each of the Individual Defendants had direct and supervisory

involvement in the day-to-day operations of the Company, and, therefore, is presumed to have

had the power to control and influence the particular transactions giving rise to the violations

as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

45.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

12

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

**<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  October 11, 2022                         **LONG LAW, LLC**

                                                By:   _/s/ Brian D. Long_
                                                      Brian D. Long (#4347)
                                                      3828 Kennett Pike, Suite 208
                                                      Wilmington, DE 19807
                                                      Telephone: (302) 729-9100
                                                      Email: BDLong@LongLawDE.com

                                                      *Attorneys for Plaintiff*